WHITEWATER EDUCATION ASSOCIATION,
Petitioner-Respondent,

v.

WHITEWATER UNIFIED SCHOOL DISTRICT, and Whitewater School Board, Respondents-Appellants.†

Court of Appeals

*No. 82–442. Submitted on briefs October 4, 1982.—
Decided April 20, 1983.*
(Also reported in 335 N.W.2d 408.)

† Petition to review denied.

152

For the respondents-appellants the cause was submitted on the brief of *Michael J. Mealy* of *Mealy & Kelly* of Whitewater.

For the petitioner-respondent the cause was submitted on the brief of *Lee Cullen* of *Cullen & Weston* of Madison.

An amicus curiae brief was submitted by *James F. Clark, Gerald C. Kops, and Kenneth B. Axe* of *Isaksen, Lathrop, Esch, Hart & Clark* of Madison and by *Bruce Meredith* of the *Wisconsin Education Association Council* of Madison.

Before Scott, C.J., Voss, P.J., and Brown, J.

VOSS, P.J. The Whitewater Unified School District and the Whitewater School Board appeal from an order of the circuit court for Walworth county confirming an arbitration award. The decision of the arbitrator upheld the grievance of the Whitewater Education Association. On appeal, the appellants raise two issues: (1) was the grievance arbitrable, and, if so, (2) was the award of the arbitrator outside the scope of her authority and contrary to law. After reviewing the record, we agree with the trial court that this grievance was arbitrable and that the award was within the scope of the arbitrator's authority. In addition, we do not find the award contrary to law. Accordingly, we affirm the trial court's order.

This case centers around a controversy involving Mary and Brian Zordel and the appellants. Mary Zordel had been employed for twelve years as a physical education

teacher and for eleven years as the head girls' track coach. During the 1980–81 school year, she earned $19,-120. Her husband, Brian Zordel, had been employed as a social studies teacher for twelve years. His earnings for the 1980–81 school year totaled $16,745.

Both Mary and Brian Zordel were offered individual teacher contracts for the 1981–82 school year. They received notice of this renewal on March 30, 1981. Section 118.22(2), Stats., provides that teachers "shall accept or reject" such contracts by April 15. The contracts also set forth this deadline. The Zordels, however, failed to meet the April 15 deadline.

April 15, 1981 was a Wednesday, and the Whitewater schools were in session. High school principal John Newhouse received all but the Zordels' contracts on or before this date. April 16, 1981 was also a normal school day, with all schools being open. On this date, Newhouse informed Superintendent Uglow that the Zordels did not turn in their contracts. Neither Newhouse nor Uglow contacted the Zordels to ask them about their intentions. April 17, 1981 was Good Friday, and school was closed. It was on this date that the Zordels remembered that they had forgotten to turn in their contracts. On Monday, April 20, when school resumed, Brian Zordel attempted to turn in both contracts to Principal Newhouse. Principal Newhouse, however, referred him to the superintendent. Later in the day, the Zordels spoke with the superintendent and stated that they wished to turn in their contracts. Superintendent Uglow stated that he had assumed that they had secured employment elsewhere. He concluded the conversation by indicating that he would check with the school board and its attorneys to determine how the matter would be handled.

Between April 15 and April 27, the district did no planning nor did it take any other action in reliance upon the Zordels' failure to return their contracts on

time. On April 27, the school board met to consider the Zordels' contract situation. On April 28, the Zordels were informed that the school board had decided not to honor their contracts.

The Whitewater Education Association then filed a grievance on behalf of the Zordels. An arbitration hearing was held on September 10, 1981, pursuant to the collective bargaining agreement entered into between the Whitewater Unified School District and the Whitewater Education Association. On December 3, 1981, an arbitration award upholding the grievance of the Whitewater Education Association was rendered. The decision award provided for the reinstatement of Mary and Brian Zordel to their former teaching positions for the 1981–82 teaching year. This award further provided that the Whitewater Unified School District was to make the Zordels financially whole again and restore all rights and benefits.

Subsequent to the arbitration award, the Whitewater Education Association filed a motion with the circuit court for Walworth county requesting the court to confirm the award. The Whitewater Unified School District filed a motion to vacate the arbitration award. On February 10, 1982, the trial court rendered a decision and an order confirming the arbitrator's award. It is this decision and order the appellants are now appealing.

The appellants first argue that the issue presented to the arbitrator was not arbitrable under the terms of the collective bargaining agreement, and, because of this, the trial court erred by affirming the award. We find, however, that the grievance was arbitrable.

In *Joint School District No. 10, City of Jefferson v. Jefferson Education Association*, 78 Wis. 2d 94, 101, 253 N.W.2d 536, 540 (1977), our supreme court stated:

Arbitration is a matter of contract and a party cannot be required to submit to arbitration a dispute which it has not agreed so to submit, and it is in the province of the court to determine on the basis of the contract whether or not the employer is bound to arbitrate.

The court concluded that the question of substantive arbitrability—whether the parties agreed to submit an issue to arbitration—is a question of law for the courts to decide. *Id.*

In the case at bar, the parties had entered into a collective bargaining agreement. This agreement provided for the appeal of "any complaint, controversy or dispute concerning an alleged violation of the written contract."[1] The agreement also provided that all unresolved grievances were subject to "final and binding" arbitration. In this case, the grievants alleged that the school board's action of refusing to honor their contracts amounted to a dismissal or nonrenewal without just cause and violated sec. II(D)4. of the collective bargaining agreement.[2]

---

[1] The 1980–82 collective bargaining agreement between the two parties reads in pertinent part:

B. *Definition of a Grievance.* For the purpose of this agreement, a "grievance" is defined as any complaint, controversy, or dispute concerning an alleged violation of the written contract by and between the School Board, Administration, and the WEA or the members thereof, or of any person or persons employed within the bargaining unit not a member of the WEA but represented by the WEA in the collective bargaining procedure.

[2] Section II(D)4. of the 1980–82 collective bargaining agreement states:

II. *Teacher Employment Policies.*

. . . .

D. *Non-renewal of Contract*

. . . .

4. No teacher shall be disciplined, dismissed, or non-renewed without just cause. Commencing with the 1979–80 school year, newly hired teachers shall serve a three year probationary period for non-renewal.

The Wisconsin Supreme Court has held that:

> An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*Joint School District No. 10, City of Jefferson,* 78 Wis. 2d at 112, 253 N.W.2d at 545. Here, the party invoking arbitration has pointed to specific contract language that arguably expressly covers the subject of the grievance. Because of this, we hold that it cannot be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. The grievance is therefore arbitrable.

Having determined that the grievance was arbitrable, we must now determine whether the award of the arbitrator was outside the scope of her authority and contrary to law. We find that both questions must be answered in the negative.

We begin our analysis based on the premise that an arbitrator's award is presumptively valid and will be disturbed only where its invalidity is demonstrated by clear and convincing evidence. *Milwaukee Board of School Directors v. Milwaukee Teachers' Education Association,* 93 Wis. 2d 415, 422, 287 NW.2d 131, 135 (1980). We are also cognizant of the rule that decisions of an arbitrator cannot be interfered with for mere errors of judgment as to law or fact. Courts may overturn an arbitrator's award if there is a perverse misconstruction or if there is a positive misconduct plainly established or if there is a manifest disregard of the law or if the award itself is illegal or violates strong public policy. *Joint School District No. 10, City of Jefferson,* 78 Wis. 2d at 117–18, 253 N.W.2d at 547.

Section 118.22(2), Stats., reads in pertinent part:

On or before March 15 of the school year during which a teacher holds a contract, the board by which the teacher is employed or an employe at the direction of the board shall give the teacher written notice of renewal or refusal to renew his contract for the ensuing school year. If no such notice is given on or before March 15, the contract then in force shall continue for the ensuing school year. A teacher who receives a notice of renewal of contract for the ensuing school year, or a teacher who does not receive a notice of renewal or refusal to renew his contract for the ensuing school year on or before March 15, shall accept or reject in writing such contract not later than the following April 15.

There is no dispute that the Zordels failed to meet the April 15 deadline. The appellants would have us believe that because of this, sec. 118.22(2) is self-operating and that the Zordels automatically lose their employment. Several factors, however, persuade us that under the circumstances of this case, the Zordels should not automatically lose their positions.

First, the record indicates that the Zordels did not intend to resign their employment. Resignation is a voluntary, deliberate severance of employment, not an oversight as is the case here. Second, the delayed return of the Zordels' contracts had no adverse impact upon the appellants between the April 15 deadline and the Zordels' submission of their contracts on April 20. The appellants had not changed their positions nor relied to their detriment upon the nonreturn of the contracts. Third, the record discloses that the contracts were not delivered to the Zordels until on or about March 30, 1981. This is more than two weeks after the March 15 deadline set by sec. 118.22(2), Stats. We agree with the arbitrator when she stated:

[T]he district cannot ignore the statutory requirements with impunity while penalizing employees for their failure to comply with the statutory requirements. The District missed its deadline by fifteen days, the Zordels missed theirs by five days (four of which were non-working days).

Fourth, there was proof that the appellants had honored tardily returned contracts on at least three other occasions during the past thirteen years. Thus, these above factors persuade us that sec. 118.22(2) does not require an automatic termination of the Zordels in this instance.

Having found that this matter is arbitrable and that sec. 118.22(2), Stats., does not act to automatically terminate the Zordels, we can now conclude that this matter was within the province of the arbitrator's authority. As such, it was for the arbitrator to decide whether or not the Zordels were terminated without just cause. The arbitrator stated that:

[I]t was unreasonable for the Board to terminate two teachers, who have each served the District for approximately twelve years, on the basis of a technicality which had no adverse impact upon the Board between the April 15 deadline and the Zordels' submission of their contracts on April 20. Accordingly, the terminations of Mary and Brian Zordel are held to have not been for just cause.

Returning to our standard of review set out in *Milwaukee Board of School Directors* above, we cannot say that the invalidity of the arbitrator's award has been shown by clear and convincing evidence. Accordingly, we affirm the trial court's decision confirming the arbitration award.

*By the Court.*—Order affirmed.