Louise STERLINSKE, Petitioner-Respondent,

v.

SCHOOL DISTRICT OF BRUCE, WISCONSIN, Respondent-Appellant.†

Court of Appeals

*No. 96–2624. Submitted on briefs April 15, 1997.—Decided May 6, 1997.*

(Also reported in 565 N.W.2d 273.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Stephen L. Weld and Victoria L. Seltun of Weld, Riley, Prenn & Ricci, S.C. of Eau Claire*.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *John C. Talis of Lawton & Cates, S.C. of Madison*.

Before Cane, P.J., LaRocque and Fox,[1] JJ.

LaROCQUE, J. The School District of Bruce appeals a circuit court order granting Louise Sterlinske's petition for a writ of mandamus directing the district to renew Sterlinske's teaching contract. The district argues that the circuit court abused its discretion when it issued the writ because Sterlinske waived her statutory right to written notice of non-renewal of her contract. The district also contends that the requirements for a writ of mandamus were not met. We disagree and affirm.

Sterlinske was employed by the district as a teacher and guidance counselor. In February 1995, the district sent Sterlinske a "preliminary Notice of Consideration of Non-renewal," notifying her that the district was considering not renewing her contract for the following school year. Pursuant to § 118.22(3), STATS.,[2] Sterlinske requested a private conference with

---

[1] Circuit Judge Douglas Fox is sitting by special assignment pursuant to the Judicial Exchange Program.

[2] Section 118.22, STATS., states in part:

(2) On or before March 15 of the school year during which a teacher holds a contract, the board by which the teacher is

the school board, which was scheduled for March 13, 1995, two days before the statutory deadline for formal written notice of non-renewal. However, when counsel for the district was unable to attend, the parties agreed to the following stipulation:

> I hereby waive my right to a private conference, and to a final school board written notification on its decision regarding consideration of non-renewal of my contract, until April 1, 1995.

employed or an employe at the direction of the board shall give the teacher written notice of renewal or refusal to renew the teacher's contract for the ensuing school year. If no such notice is given on or before March 15, the contract then in force shall continue for the ensuing school year. A teacher who receives a notice of renewal or a contract for the ensuing school year, or a teacher who does not receive a notice of renewal or refusal to renew the teacher's contract for the ensuing school year on or before March 15, shall accept or reject in writing such contract not later than the following April 15. No teacher may be employed or dismissed except by a majority vote of the full membership of the board. Nothing in this section prevents the modification or termination of a contract by mutual agreement of the teacher and the board. No such board may enter into a contract of employment with a teacher for any period of time as to which the teacher is then under a contract of employment with another board.

(3) At least 15 days prior to giving written notice of refusal to renew a teacher's contract for the ensuing school year, the employing board shall inform the teacher by preliminary notice in writing that the board is considering nonrenewal of the teacher's contract and that, if the teacher files a request therefor with the board within 5 days after receiving the preliminary notice, the teacher has the right to a private conference with the board prior to being given written notice of refusal to renew the teacher's contract.

(4) A collective bargaining agreement may modify, waive or replace any of the provisions of this section as they apply to teachers in the collective bargaining unit, but neither the employer nor the bargaining agent for the employes is required to bargain such modification, waiver or replacement.

> The purpose of this waiver is so that a private conference can be re-scheduled and held by April 1st since the school board attorney could not be present for the private conference date of March 13.

The conference was rescheduled for March 21, 1995, at which point the school board voted not to renew Sterlinske's contract. Sterlinske and her union representative were present at the conference and were advised of the board's decision. After the board's vote, the district and Sterlinske agreed to an expedited arbitration procedure to litigate whether the district had "just cause" to non-renew her contract under the parties' collective bargaining agreement.[3] In a decision dated August 23, 1995, an arbitrator upheld the non-renewal.

Although Sterlinske was present when the school board voted to non-renew her contract, it is undisputed that at no time did Sterlinske receive *written* notification of non-renewal from the district. Therefore, Sterlinske notified the district by letter dated April 4, 1995, that she accepted the automatic renewal of her contract pursuant to § 118.22(2), STATS. When the district refused to reappoint her to her former position, Sterlinske petitioned the circuit court for a writ of mandamus directing the district to reappoint her. The circuit court granted the writ and the district now appeals.

We will not reverse a circuit court's factual findings unless they are clearly erroneous. Section 805.17(2), STATS. However, we review a circuit court's decision to issue a writ of mandamus under an abuse of

---

[3] The parties' collective bargaining agreement stated that "[t]eachers may be discharged, nonrenewed, suspended, disciplined, reprimanded, or reduced in rank for just cause . . . ."

discretion standard. *Law Enforce. Standards Bd. v. Lyndon Station*, 101 Wis. 2d 472, 493, 305 N.W.2d 89, 99 (1981). Issuance of a writ of mandamus requires (1) a clear legal right, (2) a positive and plain legal duty, (3) substantial damages due to the nonperformance of the duty, and (4) no other adequate legal remedy. *Id.* at 494, 305 N.W.2d at 99. In addition, a court should consider certain equitable factors including "the urgency of the situation, the equities of the parties, the efficacy or futility of the writ if issued, the public policy or interests that may be involved and the question whether, if issued, the writ will promote substantial justice or on the contrary cause injustice, hardship or oppression." *Id.* at 494, 305 N.W.2d at 100 (quoting 52 AM. JUR. 2D, *Mandamus* § 40 at 365–66 (1970)).

The district claims that Sterlinske has no clear legal right to renewal, that Sterlinske had an adequate legal remedy and that the equities between the parties weigh in favor of denying the writ. We will take each contention in turn.

The district first argues that Sterlinske has no clear right to renewal because the parties intended to waive the written notice requirements. The circuit court made a finding of fact that the parties merely intended to extend the time period in which the district could provide final written notice of non-renewal. We accept this finding of fact unless it is clearly erroneous. Section 805.17(2), STATS. We conclude that it is not; the plain language of the stipulation states that Sterlinske merely extended the deadline for the private conference and written notice until April 1, 1995.

The district next claims that Sterlinske has no clear right to renewal because written notice of the board's decision is not mandatory under § 118.22(2),

STATS. This presents a question of law that we review de novo. *Eby v. Kozarek*, 153 Wis. 2d 75, 79, 450 N.W.2d 249, 251 (1988). When a statute unambiguously sets forth the legislative intent, we will not look beyond its language to ascertain its meaning. *Voss v. City of Middleton*, 162 Wis. 2d 737, 749, 470 N.W.2d 625, 629 (1991). Statutes using the word "shall" are presumed to be mandatory. *Swatek v. County of Dane*, 192 Wis. 2d 47, 58–59, 531 N.W.2d 45, 49 (1995). We conclude that § 118.22(2) unambiguously requires written notice of non-renewal when it states that a school board "shall give the teacher written notice" of renewal or non-renewal.[4]

The district asserts that this case is analogous to *Whitewater Educ. Ass'n v. Whitewater Unified School Dist.*, 113 Wis. 2d 151, 335 N.W.2d 408 (Ct. App. 1983). In that case, two teachers failed to accept the school district's offer of renewal prior to April 15, the statutory deadline. This court held that under the circumstances of that case, § 118.22, STATS., did not automatically terminate the teachers' employment when they failed to comply with the deadline. *Id.* at 158–59, 335 N.W.2d at 412. However, the court in that case relied in part on the fact that the school district was not prejudiced in any way by the teachers' actions, that the school district itself ignored the statutory deadlines, and that the district had in the past honored tardily returned contracts. *Id.* In each of these respects, *Whitewater* is distinguishable. There was no

---

[4] Furthermore, although the precise issue in this case was not before the court, our supreme court has stated that § 118.22 (2), STATS., "requires a school board to give a teacher written notice of renewal or refusal to renew his contract . . . ." *Mack v. Joint School Dist. No. 3*, 92 Wis. 2d 476, 492, 285 N.W.2d 604, 611 (1979).

prior disregard of deadlines here, and the trial court record reflects a basis to find prejudice.[5]

Our supreme court has stated that the provisions of § 118.22, STATS., "reflect a legislative policy which balance[s] the interests of the District and the teachers . . . ." *West Bend Educ. Ass'n v. WERC*, 121 Wis. 2d 1, 18, 357 N.W.2d 534, 542 (1984). The *West Bend* court noted that the legislature intended § 118.22 to be a check on the power of a school district to arbitrarily terminate a teacher's employment: "Obviously the legislature understood that the quality of a public education system depends on the quality and stability of the teaching staff. The legislature viewed the constraints on sec. 118.22 on the District's powers as harmonious with the public interest." *Id.* at 19, 357 N.W.2d at 543. These statements mandate the conclusion that the district must follow the explicit written notice requirement contained in § 118.22(2).

The district next argues that Sterlinske had no clear right to renewal because the arbitrator ruled that Sterlinske was non-renewed for just cause. However, the issue is not whether the district had a proper basis for not renewing Sterlinske's contract, but whether it followed the statutory procedures for effectuating the non-renewal. The arbitration decision on the merits of her non-renewal is therefore not relevant to this appeal. The district also argues that Sterlinske had an adequate legal remedy: She could have petitioned the

[5] The district argues that Sterlinske was not prejudiced by the district's failure to provide written notice because she was present when the school board voted to non-renew. However, Sterlinske testified that she did not seek other employment due to her belief that she was entitled to employment with the district.

circuit court to vacate the arbitration award finding that her termination was for just cause. As noted, the issue is whether the district followed the procedures outlined in § 118.22, STATS. Challenging the arbitrator's award would not have resolved this issue.

Finally, the district asserts that the equities between the parties weigh in favor of denying the writ. Specifically, the district argues that because Sterlinske was informed of the board's decision to non-renew her contract when she personally witnessed its vote on the issue, it would be inequitable to reverse that decision due to a "technicality." Under the circumstances, the circuit court could reasonably require the district to conform to the requirements of § 118.22, STATS., and that decision is not inequitable. The court found as a fact that the parties stipulated to postpone the written notice only to April 1. We conclude that it was within the discretion of the circuit court to issue the writ of mandamus in this case.

*By the Court.*—Order affirmed.