STATE, Appellant, v. ROSEN, Respondent.

*No. 681 (1974). Submitted on briefs March 4, 1976.—Decided April 7, 1976.*
(Also reported in 240 N. W. 2d 168.)

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette*, attorney general, and *James H. McDermott*, assistant attorney general.

For the respondent the cause was submitted on the brief of *Michael J. Milliken* and *Marcovich, Cochrane & Milliken, S. C.* of Superior.

CONNOR T. HANSEN, J. The issue in this case concerns the procedural requirements in forfeiture actions under ch. 161, Stats., the Uniform Controlled Substances Act.

Sec. 161.55, Stats., in pertinent part provides:

" (1) The following are subject to forfeiture:

" (a) All controlled substances which have been manufactured, distributed, dispensed or acquired in violation of this chapter;

" (b) All raw materials, products and equipment of any kind which are used, or intended for use, in manu-

facturing, compounding, processing, delivering, importing or exporting any controlled substance in violation of this chapter;

"...

"(d) All vehicles, as defined in s. 939.22 (44), which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in pars. (a) and (b), . . ."

Property may be seized, prior to the institution of forfeiture proceedings, in the following manner, sec. 161.55 (2):

"(2) Property subject to forfeiture under this chapter may be seized by any officer or employe designated in s. 161.51 (1) or (2) upon process issued by any court of record having jurisdiction over the property. Seizure without process may be made if:

"(a) The seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;

"(b) The property subject to seizure has been the subject of a prior judgment in favor of the state in a criminal injunction or forfeiture proceeding based upon this chapter;

"(c) The officer or employe has probable cause to believe that the property is directly or indirectly dangerous to health or safety; or

"(d) The officer or employe has probable cause to believe that the property was used or is intended to be used in violation of this chapter."

Sec. 161.555 (2), Stats. 1973, addresses the manner in which forfeiture actions under sec. 161.55 are to proceed.

Sec. 161.555 (2), Stats. 1973, provides:

". . . (a) The district attorney of the county within which the property was seized shall commence the forfeiture action within 15 days after the seizure of the property. The action shall be commenced by serving a summons, complaint and affidavit of the person who seized the property upon the person from whom the property was seized and upon any person known to have

a security interest in the property. Service shall be made in accordance with ch. 262.

"(b) Upon service of a verified answer, the action shall be set for hearing within 60 days of the service of the answer."

On June 12, 1974, David M. Rosen was served with a summons, complaint and affidavit. These documents commenced a forfeiture action of a 1971 Opel Automobile belonging to Rosen which had been seized by the police on May 29, 1974, pursuant to the provisions of sec. 161.555, Stats.

By letter dated August 23, 1974, the state notified counsel for Rosen that a hearing date for the action had been set for September 3, 1974. The date of the letter of notification was 67 days after the service of the answer and 64 days after the answer had been filed.

According to the affidavit of the secretary for the district attorney's office, counsel for Rosen appeared in that office on or about August 27, 1974. He informed her at that time that he had obtained an adjournment from the circuit court and that the new hearing date had been set for October 16, 1974.

On September 9, 1974, Rosen filed a motion to dismiss. Hearing was held on the motion on October 16, 1974, and on October 31, 1974, the trial court filed a memorandum opinion on the issue addressed by the motion. This was followed by entry of an order on November 4, 1974, dismissing the complaint for lack of trial court jurisdiction, because the hearing on the action had not been set within the 60-day time period prescribed by sec. 161.555, Stats. 1973, *supra*. The state appeals from this order.

On April 23, 1975, the state moved this court to strike certain portions of Rosen's brief which deal with the events surrounding his request for an adjournment of the original hearing date. These matters have bearing

on the state's assertion that, even if sec. 161.555, Stats., is jurisdictional, Rosen waived his right to object to the defect. This court deferred its decision on the motion until the case came on for determination in relation to the merits.

The specific issues presented for determination are:

1. Was the trial court deprived of jurisdiction by the fact that the hearing required by sec. 161.555, Stats., was not set until more than 60 days following service of the answer?

2. Assuming the defect is jurisdictional, has respondent waived his right to object thereto?

*Jurisdiction.*

The state urges that sec. 161.555 (2) (b), Stats., is merely directory in nature and that failure to comply strictly with the time limitation imposed should not result in loss of trial court jurisdiction.

The position taken by the state, though supported to some extent by rules of statutory construction, cannot be accepted in light of the nature and context of the statutory provision here in question. We agree with the determination made by the trial court. The time limitation set forth in this statute is mandatory.

Sec. 161.555, Stats. 1973, is part of the state's controlled substances code. The majority of the provisions are taken from the Uniform Controlled Substances Act, 9 ULA, Master Ed., p. 145. However, sec. 161.555 is not a part of the uniform act, but rather an addition made by the state legislature. By its terms, it controls the procedures to be followed in conducting a forfeiture action which has been commenced pursuant to sec. 161.55. This court has adopted the general rule of liberal construction for procedural statutes, where possible, in order to permit a determination upon the merits of the

controversy, *Kyncl v. Kenosha County* (1968), 37 Wis. 2d 547, 555, 556, 155 N. W. 2d 583; *Huck v. Chicago, St. P., M. & O. R. Co.* (1958), 4 Wis. 2d 132, 137, 90 N. W. 2d 154. Moreover, this court on occasion has held that specific statutory time provisions are merely directory, *Appleton v. Outagamie County* (1928), 197 Wis. 4, 9, 10, 220 N. W. 393; *Application of Clark* (1908), 135 Wis. 437, 444, 445, 115 N. W. 387. Finally, even though the word "shall" normally is construed to be mandatory, *Wauwatosa v. Milwaukee County* (1963), 22 Wis. 2d 184, 191, 125 N. W. 2d 386, some past decisions have construed it as directory where time provisions are involved, *Worachek v. Stephenson Town School Dist.* (1955), 270 Wis. 116, 124, 70 N. W. 2d 657.

In applying the rules of statutory construction, the nature of the proceedings is of particular importance. Pursuant to sec. 161.55 (2) (c), Stats., property may be seized before any notice of hearing is given. At least one state court believed that failure to provide preseizure notice and hearing was unconstitutional, *City of Everett v. Slade* (1973), 83 Wash. 2d 80, 515 Pac. 2d 1295. However, the United States Supreme Court recently approved such procedure, *Calero-Toledo v. Pearson Yacht Leasing Co.* (1974), 416 U. S. 663, 94 Sup. Ct. 2080, 40 L. Ed. 2d 452; *see also:* Note, 60 Cornell Law Rev. (1975), 467. The constitutionality of such proceeding is not here in question. However, the lack of preseizure notice and hearing serves to emphasize the importance of the forfeiture hearing which this state's legislature has seen fit to provide in sec. 161.555 (2).

Forfeiture actions have a long history and, as the trial court noted, are "rough" statutes. Use of the vehicle seizure and forfeiture provision in the context of the controlled substances act has been justified on the

ground that drug traffic should be circumscribed by deprivation of the means for furthering illicit activities, although the effectiveness of the measure is open to question. *See:* Comment, *Vehicle Forfeiture in Arizona: Burrage and the Extension of the Quasi-Criminal Doctrine,* 1972 Law and the Social Order 476,483. Many courts have questioned the fairness of the action, especially where the property rights of the innocent third parties are extinguished, Annot. 50 A. L. R. 3d 172, or where the value of the property is great in comparison to the violation.[1] However, the United States Supreme Court has refused to mitigate to any great extent the harsh effects of statutory forfeiture provisions, *Calero-Toledo v. Pearson Yacht Leasing Co., supra.* In view of the continued vitality and validity of the substance of forfeiture actions, we are of the opinion the procedural safeguards which are statutorily provided should be strictly construed and the time limitations therein provided must be considered mandatory.

While it is true that sec. 161.555, Stats., is procedural, it is a part of the forfeiture statute insofar as it provides a means to the owner or interest holder to recover the vehicle if the state cannot show that the seizure was in compliance with the requirements of sec. 161.55 (2), or that the exceptions in sec. 161.55 (1) (d) are not applicable. Because of the provision for seizure during the period prior to the hearing, the owner is deprived of the use of his vehicle regardless of whether it is actually subject to forfeiture or has been seized in compliance with statutory requirements.

In order to allow the owner the prompt opportunity to recover his property, the legislature of this state has provided that the district attorney shall institute forfeiture proceedings within 15 days of the seizure, and

---

[1] Comment, *State v. One (1) Porsche 2-Door: A Judicial Standard for Forfeiture of Conveyances for Simple Possession of Marijuana,* 1974 Utah L. Rev. 871.

that a hearing on the matter shall be set within 60 days of the service of the answer.[2] The factors which are to be considered when addressing the question of mandatory versus directory construction were reiterated by this court in *State ex rel. Werlein v. Elamore* (1967), 33 Wis. 2d 288, 293, 147 N. W. 2d 252:

"In determining whether a statutory provision is mandatory or directory in character, we have previously said that a number of factors must be examined. These include the objectives sought to be accomplished by the statute, its history, the consequences which would follow from the alternative interpretations, and whether a penalty is imposed for its violation. *Marathon County v. Eau Claire County* (1958), 3 Wis. (2d) 662, 666, 89 N. W. (2d) 271; *Worachek v. Stephenson Town School Dist.* (1955), 270 Wis. 116, 70 N. W. (2d) 657. We have also stated that directory statutes are those having requirements 'which are not of the substance of things provided for.' *Manninen v. Liss* (1953), 265 Wis. 355, 357, 61 N. W. (2d) 336."

*See also: Muskego-Norway C. S. J. S. D. No. 9 v. W. E. R. B.* (1966), 32 Wis. 2d 478, 485c, 485d, 145 N. W. 2d 680, 147 N. W. 2d 541, 151 N. W. 2d 84.

Here, there is no specific penalty provided for failure to adhere to the time provision. However, the statute seeks to provide a prompt adjudication of the issues involved in the forfeiture proceeding, and seeks to mitigate the harsh effects of the seizure and forfeiture proceeding. A directory construction would allow the state to continue to hold the property which has been seized for an indefinite period of time, without having to prove its compliance with the provisions of sec. 161.555 (2), Stats., or that the property is actually subject to forfeiture. The interest of the state and the public in controlling the

---

[2] Whether the 60-day period encompasses both the setting of the date and the actual holding of the hearing is not in question in the instant appeal since both were beyond the 60-day period in the factual circumstances presented by this case.

drug traffic, which the forfeiture action is designed to protect, is adequately served by the initial seizure. The interests of the possibly innocent owner should likewise be protected by strict compliance with the procedural mandate of sec. 161.555. *United States v. One 1971 Opel G. T., Engine No. 77228077, Etc.* (D. C. Cal. 1973), 360 Fed. Supp. 638; *State v. Peterson* (1930), 201 Wis. 20, 23, 229 N. W. 48. Although the action is designated as a proceeding in rem, sec. 161.555 (1), it cannot be denied that it imposes a penalty, and, as such, must be subject to strict application of procedural guarantees, *Liberty Loan Corp. & Affiliates v. Eis* (1975), 69 Wis. 2d 642, 649, 230 N. W. 2d 617; *Capt. Soma Boat Line, Inc. v. Wisconsin Dells* (1973), 56 Wis. 2d 838, 845, 203 N. W. 2d 369. A time provision should be construed as directory only if an injury or wrong could not be presumed to result, *Appelton v. Outagamie County, supra.*

The nature and scope of the forfeiture action, as well as consideration of the interests of the state and the property owner, lead us to conclude that the provisions of sec. 161.555 (2), Stats., must be considered mandatory. Therefore, failure to set the hearing herein within 60 days deprived the trial court of jurisdiction to hear the matter.

The state directs this court's attention to the case of *McKee v. State* (Tex. Civ. App. 1958), 318 S. W. 2d 113. In that case, the court of civil appeals for the state of Texas determined that a provision similar to that here in question was directory rather than mandatory. The court's reasoning is based almost entirely on rules of statutory construction. It fails to address the actual effect of delay under such circumstances, nor does it consider the drastic effect of the seizure and subsequent forfeiture. We do not find this authority to be persuasive.

*Waiver.*

The state argues that even if the time provision is mandatory, Rosen waived his right to object to the jurisdictional defect by requesting a postponement of the hearing. In this connection, the state filed a motion with this court to strike certain factual portions of Rosen's brief, and arguments based thereon, which the state asserts are not part of the record.

Since we have determined this particular statutory time provision is a mandatory limitation, it constitutes a limitation on the power of the trial court to act beyond the 60-day period. As the trial court determined, it had no jurisdiction in the case. The state no longer has a cause of action. Mandatory statutory time provisions have been regarded by this court as affecting the subject matter jurisdiction of a court. *Cudahy v. Department of Revenue* (1974), 66 Wis. 2d 253, 224 N. W. 2d 570; *Kohnke v. ILHR Department* (1971), 52 Wis. 2d 687, 191 N. W. 2d 1. Subject-matter jurisdiction cannot be conferred upon a court by waiver. *Cudahy v. Department of Revenue, supra,* p. 260.

Consequently, regardless of the facts surrounding the request made by Rosen for postponement of the hearing, such request could not be considered a waiver of jurisdictional defect. The motion to strike is denied.

*By the Court.*—Order affirmed.