Robert C. EBY, Plaintiff-Appellant,

v.

J.P. KOZAREK, M.D., and Madison Radiologists, S.C., Defendants-Respondents-Petitioners.

Supreme Court

*No. 88–0930. Argued October 31, 1989.—Decided January 16, 1990.*

(Also reported in 450 N.W.2d 249.)

For the defendants-respondents-petitioners there were briefs by *Curtis C. Swanson, Edith F. Merila* and *Axley Brynelson,* Madison and oral argument by *Mr. Swanson.*

For the plaintiff-appellant there was a brief by *Raymond E. Schrank, II* and *Schrank & Schultz Law Offices,* Madison and oral argument by *Raymond E. Schrank, II.*

Amicus curiae brief was filed by *Sally L. Wencel* and *Mark L. Adams*, Madison, for the State Medical Society of Wisconsin.

Amicus curiae briefs were filed by *D.J. Weiss* and *Johnson, Weis, Paulson & Priebe, S.C.*, Rhinelander, for The Wisconsin Academy of Trial Lawyers.

WILLIAM A. BABLITCH, J. Defendants J.P. Kozarek, M.D., and Madison Radiologists, S.C., seek review of a court of appeals' decision which held that in a medical malpractice action the requirement in the statutes to request mediation within 15 days of filing an action is not mandatory. We conclude that the statutory requirement is mandatory with respect to the requirement to file a request for mediation but directory with respect to the time limitation within which the request is filed. Therefore the failure to request mediation within 15 days of filing an action does not mandate dismissal. Accordingly, we affirm the decision of the court of appeals.

On September 21, 1987, Robert C. Eby (Eby) filed a summons and complaint alleging that the defendants were negligent in failing to identify a foreign mass in his left eye on a CT scan performed on September 22, 1984. The pleadings allege that Eby had subsequent testing and surgery done on April 5, 1985, and the negligence was first discovered at that time.

Eby made a request for mediation dated October 21, 1987, 30 days after the filing of the complaint. Eby's "Statement of the Case," required under sec. 655.44(2), Stats., was received by the medical mediation panel on October 22, 1987. The defendants filed an answer alleging as an affirmative defense that the trial court was without jurisdiction to proceed because Eby failed to file the request for mediation within 15 days as required by

77

secs. 655.44 and 655.445. The defendants asserted that the action was therefore improperly commenced, and, inasmuch as the three year statute of limitations had since expired, requested that the action be dismissed with prejudice.

The trial court issued a written decision holding that the statutory time limits of sec. 655.445(1), Stats., were mandatory. The court concluded that Eby's failure to file a request for mediation within 15 days after filing his action deprived the court of jurisdiction and dismissal was therefore mandated as a matter of law.

In reaching its decision, the trial court noted a similarity in the statutory scheme found to be jurisdictional in the former medical malpractice panel system under sec. 655.02, Stats. 1983–84, *et seq.* The court pointed out that in *Kasbaum v. Lucia,* 127 Wis. 2d 15, 22, 377 N.W.2d 183 (Ct. App. 1985), the court of appeals held that no action could be maintained under sec. 655.04(1)(b), until the matter had been reviewed by a patient's compensation panel.

The court of appeals reversed. The court held that the statutory time limits were directory, notwithstanding the fact that sec. 655.445(1), Stats., provided a request for mediation "shall" be made within 15 days of filing the action. The court further concluded that *Kasbaum* was inapposite because the current mediation system under ch. 655, subch. VI, permitted the filing of an action before mediation. Thus, the failure to file the request for mediation within 15 days did not require dismissal.

We accepted review to resolve the question whether the 15 day time period for requesting mediation under sec. 655.445, Stats., was mandatory such that Eby's untimely request deprived the trial court of competency

78

to proceed. Whether a statute is mandatory or directory is a question of statutory interpretation. *Cross v. Soderbeck,* 94 Wis. 2d 331, 340, 288 N.W.2d 779 (1980). The interpretation of statutes is a question of law which this court decides independently of the lower courts' decisions. *DeMars v. LaPour,* 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985).

We conclude that the statutory requirement is directory with respect to the time limitation. Therefore, the failure of a claimant to file a request for mediation within 15 days after the date of filing an action in court does not necessarily deprive the trial court of competency to exercise its jurisdiction.

■■

Section 655.445(1), Stats., quoted below,[1] provides that claimants under ch. 655 "shall," within 15 days after the date of filing an action in court, file a request for mediation. Under general principles of statutory construction, the word "shall" in a statute setting a time limit is ordinarily presumed to be mandatory. *County of Walworth v. Spalding,* 111 Wis. 2d 19, 24, 329 N.W.2d 925 (1983). Nevertheless, this court has on occasion held that statutory time limits are merely directory despite the use of the word "shall." *See Karow v. Milwaukee*

---

[1] **655.445 Request for mediation in conjunction with court action. (1)** Commencing Action, Request and Fee. Beginning September 1, 1986, any person listed in s. 655.007 having a claim or a derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider shall, within 15 days after the date of filing an action in court, file a request for mediation. The request shall be prepared and delivered in person or sent by registered mail to the director, in the form and manner required under s. 655.44(2) and (3), together with a notice that a court action has been commenced and the fee under s. 655.54 shall be paid.

*County Civil Serv. Comm.,* 82 Wis. 2d 565, 571, 263 N.W.2d 214 (1978) (citing, *Merkley v. Schramm,* 31 Wis. 2d 134, 138, 142 N.W.2d 173 (1966); *Kamuchey v. Trzesniewski,* 8 Wis. 2d 94, 100, 98 N.W.2d 403 (1959); *Galewski v. Noe,* 266 Wis. 7, 16, 62 N.W.2d 703 (1954); *State ex rel. Johnson v. Nye,* 148 Wis. 2d 659, 669, 135 N.W. 126 (1912); *Application of Clark,* 135 Wis. 437, 444–45, 115 N.W. 387 (1908)).[2]

In determining whether statutory time limits are directory or mandatory in character, a number of factors must be considered. These factors were set forth in *State v. Rosen,* 72 Wis. 2d 200, 207, 240 N.W.2d 168 (1976), as follows:

> 'In determining whether a statutory provision is mandatory or directory in character, we have previously said that a number of factors must be examined. These include the objectives sought to be accomplished by the statute, its history, the consequences which would follow from the alternative interpretations, and whether a penalty is imposed for its violation.' (Citations omitted.)

■■■

Applying these factors to the present case, we cannot say that the legislature intended the 15 day time

---

[2] *See also, e.g., Appleton v. Outagamie County,* 197 Wis. 4, 220 N.W. 393 (1928); *State v. Industrial Comm.,* 233 Wis. 461, 289 N.W. 769 (1940); *George Williams College v. Williams Bay,* 242 Wis. 311, 7 N.W.2d 891 (1943); *Sommerfeld v. Board of Canvassers,* 269 Wis. 299, 69 N.W.2d 235 (1955); *Muskego-Norway C.S.J.S.D. No. 9 v. W.E.R.B.,* 32 Wis. 2d 478, 151 N.W.2d 84 (1967); *State ex rel. Werlein v. Elamore,* 33 Wis. 2d 288, 147 N.W.2d 252 (1967); *Herro v. Natural Resources Board,* 53 Wis. 2d 157, 192 N.W.2d 104 (1971); *Cross v. Soderbeck,* 94 Wis. 2d 331, 288 N.W.2d 779 (1980); *State v. Hervey,* 113 Wis. 2d 634, 335 N.W.2d 607 (1983).

limitation to be mandatory. Chapter 655, subch. VI, Stats., does not explicitly provide that an action is invalidated if a request for mediation is not made within 15 days of the date the action was filed. If the legislature had intended that a medical malpractice action be dismissed upon failure to request mediation within 15 days, it would have done so. *Karow,* 82 Wis. 2d at 571-72.

The most probable indication of the consequences attaching to an untimely request for mediation intended by the legislature is found in sec. 655.445(3), Stats., which provides that no discovery may be made and no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period under sec. 655.465(7). This language supports the court of appeals' conclusion that the failure to timely file for mediation merely postpones the plaintiff's opportunity for relief for the period of time the plaintiff delays filing the mediation request.

The consequence of construing the statute as mandatory, on the other hand, could be the loss of claims with merit because of the failure to file a request for mediation even one day past the statutory time limit. This harsh result far outweighs the adverse affect which a brief delay may have on the public interest in promptly resolving medical malpractice claims.

The defendants insist that construing the time limitation as directory encourages claimants to indefinitely drag out the mediation process for no valid reason, frustrating the legislative intent in providing an "informal, inexpensive and expedient means for resolving disputes . . .." Section 655.42(1), Stats. We are sympathetic with that concern. We certainly do not condone the late filing of a request for mediation, but defendants faced with a dilatory plaintiff are not without relief. The facts of the

81

present case do not demonstrate that the defendant was denied an inexpensive or expedient opportunity for resolution of the complaint. We are unable to see how a request for mediation on the 30th day rather than the 15th day resulted in prejudice to the defendant. If it could be shown under some other set of facts that the plaintiff refused to promptly comply with the statutory requirements, the mediation panel administrator and the courts retain discretion to determine the proper sanctions to be applied. Moreover, trial courts have inherent power to exercise control over the judicial business before it. *See Jacobson v. Avestruz,* 81 Wis. 2d 240, 246, 260 N.W.2d 267, 269 (1977). It is within a trial judge's discretion to order the plaintiff to request mediation in a timely fashion or face dismissal of the action. We are satisfied that discretionary sanctions such as these sufficiently protect defendants from truly dilatory plaintiffs.

Finally, we conclude as did the court of appeals that *Kasbaum* is inapposite. We consider it significant that the legislature eliminated the requirement of sec. 655.04(1)(b), Stats. 1983–84, that no action could be commenced until an order had been made by a patient's compensation panel. The current statutes provide two alternatives for pursuing redress. Under sec. 655.44(1), an injured patient may file a request for mediation with the Wisconsin Patients Compensation Panel rather than file a lawsuit. Once the request has been filed, the patient may not commence a court action until the mediation period under sec. 655.465(7) has expired. *See* sec. 655.44(5); *see also Schulz v. Nienhuis,* 152 Wis. 2d 434, 448 N.W.2d 655. A second alternative is provided by sec. 655.445, which provides that a person may commence a lawsuit in the usual manner. Section 655.445(1) then provides that a request for mediation shall be filed within 15 days of filing the action in court.

We agree with the reasoning of the court of appeals that by eliminating the requirement that was present in the prior statutes, and providing claimants with alternatives for pursuing redress, the legislature demonstrated an intent to provide claimants with more flexible procedures in medical malpractice cases. An interpretation which held claimants to precise and inflexible requirements as a prerequisite to jurisdiction would be inconsistent with this intent.

We conclude that the use of the word "shall" evinces the legislative intent to make the request for mediation a prerequisite for the prosecution of a medical malpractice claim. The failure to timely file the request, however, does not under the circumstances presented here mandate dismissal of the case.

We therefore hold that the 15 day time limitation for requesting mediation after filing an action in a medical malpractice action is directory. Considering the statutory scheme in its entirety, including the absence of an explicit indication that an action is invalidated upon the failure to timely request mediation, the harsh consequences of a mandatory construction, and the general objectives sought to be accomplished by the legislature in enacting subchapter VI, Stats., we conclude that the failure to timely request mediation does not mandate dismissal of the action.

*By the Court.*—The decision of the court of appeals is affirmed.