Laura SCHEUNEMANN and Nancy K,
Scheunemann, as the Mother of Laura Scheunemann
and in her own right, Plaintiffs-Appellants,

v.

Dr. David ROWE, Janesville Medical Center, Fort
Atkinson Memorial Hospital Association, and State of
Wisconsin Patient Compensation Fund, Defendants-
Respondents.

Court of Appeals

*No. 88-1438. Submitted on briefs February 13, 1990.—Decided
April 12, 1990.*

(Also reported in 456 N.W.2d 641.)

For the plaintiffs-appellants the cause was submit-
ted on the briefs of *Aiken & Mawicke, S.C.,* by *Paul J.
Scoptur* and *Robert L. Jaskulski* of Milwaukee.

For the defendants-respondents, Fort Atkinson
Memorial Hospital Association and State of Wisconsin
Patient Compensation Fund, the cause was submitted

302

■■■■■■■

on the briefs of *Bell, Metzner, Gierhart & Moore, S.C.,* by *Patricia A. Dicke* of Madison.

For the defendants-respondents, Dr. David Rowe and Janesville Medical Center, the cause was submitted on the briefs of *Boardman, Suhr, Curry & Field,* by *Catherine M. Rottier* of Madison.

Before Gartzke, P.J., Dykman and Sundby, J.J.

GARTZKE, P.J.   Laura and Nancy Scheunemann appeal from a judgment dismissing their medical malpractice action against Dr. David Rowe, Janesville Medical Center, Fort Atkinson Memorial Hospital Association, and State of Wisconsin Patient Compensation Fund (defendants). The issue is whether the trial court lost competency to exercise its jurisdiction because Scheunemanns did not file a mediation request as required by sec. 655.445, Stats.[1] We conclude the court did not lose competency and we reverse the judgment and remand for further proceedings.

Scheunemanns filed their complaint on June 26, 1987. On November 3, 1987 and April 13, 1988, defendants moved to dismiss the action for Scheunemanns' failure to file a request for mediation as required by sec. 655.445, Stats. Scheunemanns opposed the motion but did not file the request for mediation. The record on appeal fails to show that they have ever filed a request.

[1]Section 655.445, Stats., provides in relevant part:

(1) [A]ny person . . . having a claim or a derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider shall, within 15 days after the date of filing an action in court, file a request for mediation . . ..

(3)   For actions filed under sub. (1), no discovery may be made and no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period under s. 655.465(7).

The trial court dismissed the action with prejudice. It reasoned that Scheunemanns' failure to participate in mediation, as required by statute, deprived the court of "jurisdiction."

We conclude that the trial court's order must be reversed because the court erroneously interpreted sec. 655.445, Stats. According to *Eby v. Kozarek,* 153 Wis. 2d 75, 77, 450 N.W.2d 249, 250 (1990), "the statutory requirement is mandatory with respect to the requirement to file a request for mediation but directory with respect to the time limitation within which the request is filed." The *Eby* court continued:

> The most probable indication of the consequences attaching to an untimely request for mediation intended by the legislature is found in sec. 655.445(3), Stats., which provides that no discovery may be made and no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period under sec. 655.465(7). This language supports the court of appeals' conclusion that the failure to timely file for mediation *merely postpones the plaintiff's opportunity for relief for the period of time the plaintiff delays filing the mediation request.*

*Id.* at 81, 450 N.W.2d at 252 (emphasis added). The *Eby* court noted that trial courts can protect defendants from dilatory plaintiffs. *Id.* at 82, 450 N.W.2d at 252. *Eby* was released after the trial court entered the order on appeal. *Eby* is nevertheless applicable to this case.

The same principles should apply to a complete failure, as here, to file a mediation request. Scheunemanns' failure to file merely postpones their opportunity for relief. It is Scheunemanns, not the court, who cannot go forward until they file. Accordingly, the trial court never

lost competency to proceed with the action.[2]

We therefore reverse the judgment and remand the case to the trial court. Our mandate does not prevent the court from entertaining a motion to dismiss addressed to its discretionary authority "to exercise control over the judicial business before it." *Id.*

*By the Court.*—Judgment reversed and cause remanded.

---

[2]The trial court's power to proceed is a matter of competency, not subject-matter jurisdiction. *Mueller v. Brunn,* 105 Wis. 2d 171, 176–78, 313 N.W.2d 790, 792–93 (1982).