IN RE the TERMINATION OF PARENTAL RIGHTS OF J.L.F.,
a person under the age of 18:

B.F., Appellant-Cross Respondent,

v.

G.D.J., Respondent-Cross Appellant.†
[Case No. 91-1122.]

IN RE the TERMINATION OF PARENTAL RIGHTS OF J.D.F.,
a person under the age of 18:

B.F., Appellant-Cross Respondent,

v.

G.D.J., Respondent-Cross Appellant.††
[Case No. 91-1123.]

Court of Appeals

*Nos. 91-1122, 91-1123. Submitted on briefs February 5,
1992.—Decided April 2, 1992.*

(Also reported in 484 N.W.2d 359.)

---

†Petition to review denied.

††Petition to review denied.

For the appellant-cross respondent the cause was submitted on the briefs of *Richard J. Auerbach* of *Auerbach & Porter* of Madison.

For the respondent-cross appellant the cause was submitted on the brief of *William T. Henderson* of *Collins & Henderson* of Beloit.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J. The father of J.L.F. and J.D.F., two minor children, appeals from orders terminating his parental rights and denying his motion for post-trial relief. The issue is whether the trial court lacked subject

matter jurisdiction because the initial hearing in the termination proceedings was not held within the time prescribed by statute. We conclude that the trial court lacked jurisdiction and reverse.[1]

The children's mother cross-appeals, asking us to dismiss the case because of the father's failure to comply with certain rules of appellate procedure. We decline to do so.

The mother filed a petition on November 17, 1989, seeking involuntary termination of the father's parental rights on grounds of abandonment. *See* sec. 48.415(1), Stats. Her present husband, the children's stepfather, filed a petition in the same proceeding to adopt the children. The "concurrent" proceedings are authorized by the adoption statute, sec. 48.835, which allows petitions for adoption and termination of parental rights (TPR) to be heard jointly in certain instances.

Since the father's whereabouts were unknown, notice of the proceedings was published in the local paper. Eventually, it was learned that the father was in the local county jail and he was served with a summons and petition on December 18, 1989. An initial hearing was set for January 22, 1990, but postponed to February 8 to permit preparation of an adoption report.

The father's parental rights were terminated after a jury trial. He filed a notice of intent to pursue postdisposition relief, failing to include his address as required by the procedural rules applicable to such actions. He requested appointment of appellate counsel from the state public defender's office, and the public defender requested transcripts one day beyond the time provided in the rules.

---

[1]Given our holding, we need not address the other arguments raised by the father. *Sweet v. Berge,* 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).

The mother moved to quash the postdisposition motions based on the lack of the father's address in the notice of intent and counsel's delay in requesting the transcripts. The trial court denied her motion, as well as the father's. Both parties have appealed.

We address the mother's cross-appeal first. She argues that we should dismiss the father's appeal for his failure to comply with Rule 809.30(2), Stats., by failing to provide his address in the notice of intent to pursue postdisposition relief and by failing to order a transcript within the time set by the rules.

Rule 809.83, Stats., provides the penalties for non-compliance with the rules of appellate procedure:

> Failure of a person to comply with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, *does not affect the jurisdiction of the court over the appeal* but is grounds for dismissal of the appeal . . ., imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate. [Emphasis added.]

 Thus, our jurisdiction over the appeal is not affected by the father's errors, although we may elect to impose a penalty. In this case we see no reason to do so. The mother was in no way harmed by the failure to include the father's address on the notice because she already knew it. As for the belated transcript request, we see no harm to the mother, nor reason to impose the harsh penalty of dismissal on the father for what was, essentially, the public defender's one-day mistake.

We turn to the issues raised by the father on his appeal. He argues first that because the trial court failed to hold the initial hearing on the TPR petition within the time prescribed by sec. 48.422(1), Stats., the court lacked jurisdiction to entertain the petition.

Section 48.422(1), Stats., provides that the initial hearing on a petition to terminate parental rights "shall be held within 30 days after the petition is filed." Normally, use of the word "shall" in a statute setting a time limit is presumed to be mandatory. *Eby v. Kozarek,* 153 Wis. 2d 75, 79, 450 N.W.2d 249, 251 (1990). If that is so with respect to sec. 48.422 as it applies to the concurrent TPR/adoption proceedings under sec. 48.835, the trial court's failure to observe the time limit deprived it of jurisdiction to consider the petition to terminate the father's parental rights. *See State v. Rosen,* 72 Wis. 2d 200, 208, 240 N.W.2d 168, 172 (1976).

Even though presumed to be mandatory, use of the word "shall" in time-limitation statutes has occasionally been held to be merely directory—but only where it can be ascertained that such a construction is "necessary to carry out the intent of the legislature." *State v. R.R.E.,* 162 Wis. 2d 698, 707, 470 N.W.2d 283, 286 (1991). When necessary to do so to ascertain that intent, we have looked beyond the presumption to consider various other factors thought to be relevant to the inquiry, including: "the objectives sought to be accomplished by the statute, its history, the consequences which would follow from the alternative interpretations, and whether a penalty is imposed for its violation." *Eby,* 153 Wis. 2d at 80, 450 N.W.2d at 252, quoting *Rosen,* 72 Wis. 2d at 207, 240 N.W.2d at 171.

We need not take that step in this case, however, for the legislative intent that the time limit is to be considered mandatory is plainly ascertainable from the language of the statutes involved.

The mother and stepfather proceeded with the joint TPR/adoption under sec. 48.835, Stats., which applies to

adoption by "relatives." (A step-parent is considered a "relative" within the meaning of ch. 48. *See* sec. 48.02(15).) The statute provides for the contemporaneous filing by the parent (here the mother) of a "petition to terminate the parental rights of the parent who does not have custody of the child" (the father), and a petition for adoption by the "relative" (the stepfather). Section 48.835(3)(a) and (b). And, under sec. 48.835(4), the court is authorized to hear the adoption petition "immediately after entering the order to terminate parental rights . . .." The statute says nothing about the time requirements for TPR hearings established by sec. 48.422.

A companion statute—sec. 48.837, Stats.—deals with placement of children for adoption by "nonrelatives"; and it, too, provides for a contemporaneous TPR petition. In this instance, however, the statute sets a sixty-day time limit for a joint hearing on the two petitions. And in doing so, it expressly waives the thirty-day time limit for the TPR petition: "*[n]otwithstanding s. 48.422(1),* [the court] shall schedule a hearing within 60 days . . .." Section 48.837(4)(a) (emphasis added).

Considered together, the statutes evince what we believe to be the unquestionably plain intention of the legislature that combined adoption/TPR proceedings where the adoption is by a *nonrelative* be exempted from the thirty-day hearing requirements of sec. 48.422(1), and that similar proceedings involving adoption by a relative of the child (including, as we have noted, stepparents) are not so exempt. The legislature is presumed to act with full knowledge of existing laws, including statutes, *In re N.L.B.,* 140 Wis. 2d 400, 404, 411 N.W.2d 144, 146 (Ct. App. 1987); and where, as here, two stat-

utes are enacted contemporaneously,[2] this conclusion is all the more forceful.

■

Since the legislature has specifically exempted "nonrelative" adoption/TPR proceedings from the time limits of sec. 48.422(1), Stats., it follows that its failure to include a similar exemption in related proceedings involving "relatives" expresses that body's intent that those time limits are to be applied to the latter proceedings. *See State v. Smith,* 103 Wis. 2d 361, 366, 309 N.W.2d 7, 9 (Ct. App. 1981), *aff'd* 106 Wis. 2d 17, 315 N.W.2d 343 (1982), where we stated:

> Under the general rule of statutory construction, *expressio unius est exclusio alterius,* the express mention of one matter excludes other similar matters not mentioned. Since the statute specifically excepts certain proceedings from its prohibition *[e.g.,* that, once substituted against, a judge may not act again in the case except in certain stated limited proceedings] . . . all proceedings not excepted are included in the prohibition.

*By the Court.*—Orders reversed; cross-appeal affirmed.

■

[2]Laws of 1981, ch. 81.