# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.: 2018AP1075-CR
2018AP1076-CR

Complete Title of Case:

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

LARRY W. OLSON,

DEFENDANT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | October 8, 2019 |
| Submitted on Briefs: | January 22, 2019 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrew R. Hinkel*, assistant state public defender of Madison. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Brad D. Schimel*, attorney general, and *Abigail C. S. Potts*, assistant attorney general. |

# 2019 WI App 61

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 8, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2018AP1075-CR**
**2018AP1076-CR**

Cir. Ct. Nos. **2015CF436**
**2015CF671**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

LARRY W. OLSON,

    DEFENDANT-APPELLANT.

        APPEALS from orders of the circuit court for Marathon County: GREGORY E. GRAU, Judge. *Reversed and cause remanded with directions*.

        Before Stark, P.J., Hruz and Seidl, JJ.

¶1     SEIDL, J. In these consolidated cases, Larry Olson appeals from orders revoking his conditional release, pursuant to WIS. STAT. § 971.17(3)(e) (2017-18).[1] The sole issue before us is whether the time limit set forth in § 971.17(3)(e) requiring that the Department of Health Services (the Department) "shall submit" a statement of probable cause and a petition to revoke an order for conditional release within seventy-two hours of detaining a person is directory or mandatory.

¶2     We conclude the seventy-two-hour time limit set forth in WIS. STAT. § 971.17(3)(e) is mandatory. Consequently, the Department's undisputed failure to comply with the time limit in this case deprived the circuit court of competency to consider the Department's petition to revoke Olson's conditional release. We therefore reverse and remand with directions for the court to dismiss the Department's petition.

## BACKGROUND

¶3     In the two cases underlying this consolidated appeal, Olson pleaded not guilty by reason of mental disease or defect (NGI) to three total counts in the responsibility phase of the NGI proceedings. Specifically, in Marathon County case No. 2015CF671 Olson entered NGI pleas to one count of felony bail jumping and one count of misdemeanor battery, and in Marathon County case

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2

No. 2015CF436 he entered an NGI plea to one count of first-degree sexual assault of a child under the age of thirteen.[2]

¶4      In September 2017, the circuit court committed Olson to the Department for nineteen years. The court also ordered that Olson be placed on conditional release.

¶5      One month later, on October 18, 2017, Olson reported to his probation agent's office for a scheduled visit. During this visit, Olson admitted to the agent that he had recently smoked methamphetamine. He also provided a urine sample, which tested positive for that drug. Based on Olson's drug use, which undisputedly violated the rules of his conditional release, he was immediately taken into custody by the Department and detained in the Marathon County jail.

¶6      Eight days later, on October 26, 2017, the Department submitted a statement of probable cause and a petition to revoke Olson's conditional release to both the circuit court and the regional office of the state public defender, pursuant to WIS. STAT. § 971.17(3)(e). That statute provides, in relevant part:

> If the department of health services alleges that a released person has violated any condition or rule, or that the safety of the person or others requires that conditional release be revoked, he or she may be taken into custody under the rules of the department. The department of health services *shall submit* a statement showing probable cause of the detention and a petition to revoke the order for conditional

---

[2] In the guilt phases of Marathon County case Nos. 2015CF671 and 2015CF436, Olson entered respective pleas of guilty and no contest. In each case, Olson and the State then exercised their right to waive trials on responsibility and stipulated that Olson should be found NGI. *See* *State v. Fugere*, 2019 WI 33, ¶27, 386 Wis. 2d 76, 924 N.W.2d 469.

release to the committing court and the regional office of the state public defender responsible for handling cases in the county where the committing court is located *within 72 hours after the detention, excluding Saturdays, Sundays, and legal holidays*. The court shall hear the petition within 30 days, unless the hearing or time deadline is waived by the detained person.

*Id.* (emphases added).

¶7 Olson subsequently filed a motion to dismiss the petition "for lack of competency to proceed." As grounds, he asserted that because the Department originally detained him on Wednesday, October 18, WIS. STAT. § 971.17(3)(e) required the Department to submit its statement of probable cause and petition to revoke his conditional release to the circuit court and regional office of the state public defender by Monday, October 23. Because the Department failed to do so, he argued the court lacked competency to proceed with the Department's petition.

¶8 On November 14, 2017, the circuit court held a hearing on Olson's motion and the Department's petition. The court first concluded that the seventy-two-hour time limit in WIS. STAT. § 971.17(3)(e) was directory, as opposed to mandatory, and it therefore denied Olson's motion. The court then held the revocation hearing and ultimately ordered Olson's conditional release revoked. Olson now appeals.

## DISCUSSION

¶9 On appeal, the parties agree that the Department failed to comply with the seventy-two-hour time limit set forth in WIS. STAT. § 971.17(3)(e). They dispute, however, whether the word "shall" in the relevant portion of the statute is mandatory or directory in nature and whether—based upon the answer to that question—the Department's failure to comply with the time limit deprived the circuit court of competency to consider the Department's petition.

4

¶10    Whether a circuit court has lost competency to proceed is a question of law. ***State v. Schertz***, 2002 WI App 289, ¶5, 258 Wis. 2d 351, 655 N.W.2d 175. Likewise, whether a statute is mandatory or directory is also question of law. ***Id.***, ¶6. We review questions of law de novo. ***Id.***

¶11    Competency to proceed in this context—i.e., when a party fails to comply with a statutory time limit—refers to a circuit court's power to adjudicate the specific controversy before it. *See **id.***, ¶5. A party's failure to comply with a statutory time limit deprives a court of competency to proceed only when the time limit is mandatory. ***Id.***, ¶6; *see also **Dodge Cty. v. Ryan E.M.***, 2002 WI App 71, ¶5, 252 Wis. 2d 490, 642 N.W.2d 592. Thus, when the time limit is merely directory, a lack of compliance does not cause the court to lose competency to proceed. ***Schertz***, 258 Wis. 2d 351, ¶14.

¶12    As indicated, WIS. STAT. § 971.17(3)(e) provides that the Department "shall submit" its petition to revoke a person's conditional release to the circuit court and the regional office of the state public defender within seventy-two hours of detaining the person. The word "shall" is presumed mandatory when it appears in a statute. ***State v. Fitzgerald***, 2019 WI 69, ¶25 n.8, 387 Wis. 2d 384, 929 N.W.2d 165. When used in a statute imposing a time limit, however, the word "shall" can nevertheless be "construed as directory if necessary to carry out the legislature's clear intent." ***Karow v. Milwaukee Cty. Civil Serv. Comm'n***, 82 Wis. 2d 565, 571, 263 N.W.2d 214 (1978).

¶13    Our supreme court has directed us to consider the following factors when determining whether a statutory time limit is mandatory or directory:  (1) the purpose of the statute; (2) the statute's history; (3) whether a penalty or prohibition is imposed for the violation of the time limit; and (4) the consequences of

interpreting the statutory time limit as either mandatory or directory, including whether the failure to act within the time limit works an injury or wrong. *See State v. R.R.E.*, 162 Wis. 2d 698, 708, 711, 470 N.W.2d 283 (1991). Before addressing the parties' arguments concerning these factors we first address the State's argument that, based upon our decision in *Schertz*, we are essentially bound to hold that the seventy-two-hour time limit is directory.

¶14 In *Schertz*, a hearing on a "petition to revoke [the defendant's] conditional release was not held within thirty days of filing pursuant to WIS. STAT. § 971.17(3)(e)." *Schertz*, 258 Wis. 2d 351, ¶1. Accordingly, the issue on appeal was "whether the thirty-day [hearing] requirement in WIS. STAT. § 971.17(3)(e) is mandatory or directory." *Id.*, ¶6. After discussing the *R.R.E.* factors, we ultimately concluded "that the thirty-day requirement is directory. As a result, the failure to have a hearing within thirty days did not cause the court to lose competenc[y]." *Id.*, ¶14.

¶15 The State argues that "although *Schertz* specifically addressed the 30-day requirement for a hearing, this Court analyzed the whole [of WIS. STAT. § 971.17] (3)(e) generally, making its analysis controlling as to many of the relevant factors." Although we acknowledge that we are bound by our prior published decisions,[3] we conclude that the State's argument paints the *Schertz* decision with too broad of a brush for three reasons.

¶16 First, to read *Schertz*'s analysis of WIS. STAT. § 971.17(3)(e) to control our analysis in this case would ignore that *Schertz* focused on one specific

---

[3] *See Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997).

6

provision within an expansive statutory subsection that sets forth numerous requirements. For example, § 971.17(3)(e) contains a "notification requirement" stating that "[b]efore a person is conditionally released by the court under this subsection, the court shall so notify the municipal police department and county sheriff for the area where the person will be residing." Just as the *Schertz* decision could not be construed as rendering this requirement directory, so too does *Schertz* not speak to whether the seventy-two-hour submission requirement is mandatory or directory.

¶17 Second, the thirty-day hearing provision at issue in *Schertz* and the seventy-two-hour time limit at issue here govern different actors: the former applies to the circuit court and the latter applies to the Department. As the court's and the Department's roles in proceedings under WIS. STAT. § 971.17(3)(e) are fundamentally different, we cannot simply assume that the legislature's "clear intent" was the same in prescribing the different requirements that govern these different roles. *See Karow*, 82 Wis. 2d at 571.

¶18 Third, WIS. STAT. § 971.17(3)(e) expressly provides that either the revocation hearing itself, or the thirty-day time deadline within which to hold the hearing, may be waived "by the detained person." There is no similar waiver provision concerning the seventy-two-hour time limit for the Department's submissions, which indicates that the legislature's intent in prescribing the requirements differed.

¶19 Accordingly, we conclude that, although we consider *Schertz*'s discussion of WIS. STAT. § 971.17(3)(e), we are not bound by *Schertz* on the issue of whether the time limit at issue here is mandatory or directory. Thus, we

7

proceed to examine each of the ***R.R.E.*** factors to determine whether the seventy-two-hour time limit is mandatory or directory.

*1. Purpose of the statute*

¶20    Regarding the first ***R.R.E.*** factor, the parties agree that the two purposes of WIS. STAT. § 971.17(3)(e) are to protect the public while—at the same time—preventing delay by the court or the State. *See **Schertz**,* 258 Wis. 2d 351, ¶9. Olson leans heavily on the latter purpose in arguing this factor weighs in favor of finding the seventy-two-hour time limit to submit the Department's statement and petition mandatory. He reasons:

> [B]efore the Department goes to court it is detaining a person at its complete discretion. Each day the Department delays filing, the person is locked up without court oversight—the court has no way of even knowing the person has been taken into custody.
>
> Moreover, the petition is the means by which the Department notifies the public defender that the person has been detained. … So, if the Department delays, it also obstructs the person's access to counsel. Before the petition was filed, Mr. Olson was simply being detained, unilaterally, by the state. There was no finding of probable cause; there was no judicial oversight at all.

The State responds by arguing that the "consequences of releasing dangerous individuals into the public without circuit court oversight [are] far worse than nominal delays caused by [the Department] submitting a petition a few days late."

¶21    We find Olson's position more persuasive than the Department's position. As Olson notes, the Department's failure to timely file a statement of probable cause and a petition to revoke his conditional release is not akin to the "nominal procedural delays" addressed in ***R.R.E.*** and ***Schertz***. The difference between the two is that one—a court's procedural delay—affects the timely

resolution of the proceedings, whereas the other—the Department's submission delay—affects the timely initiation of the proceedings.

¶22    We conclude this difference is material for two reasons.  First, the thirty-day time limit for holding a revocation hearing does not begin to run until the Department actually submits its petition.  *See* WIS. STAT. § 971.17(3)(e) ("The court shall hear the petition within 30 days[.]").  And second, while a delay in the resolution of revocation proceedings may raise fairness concerns, those concerns can be addressed within the standard framework of our adversarial system.  *See* ***State v. C.L.K.***, 2019 WI 14, ¶21, 385 Wis. 2d 418, 922 N.W.2d 807 ("The adversary system is characterized by party ... presentation of evidence and argument, and by a passive decision-maker who merely listens to both sides[.]").  In contrast, when the Department delays initiating revocation proceedings, it need not make any argument or expose itself to an adverse decision from a passive decision-maker because it is depriving both the court and opposing counsel of even knowing of the delay.

¶23    In addition, Olson argues that there are three safeguards that address any concern that construing the seventy-two-hour time limit as mandatory would run afoul of the statutory purpose to protect the public.  First, a person on conditional release pursuant to an NGI plea is already under the Department's supervision, even when he or she is not in physical custody.  Second, even if the particular violation that caused the Department to initially detain the person was not timely pursued, WIS. STAT. § 971.17(3)(e) explicitly authorizes the Department to initiate revocation proceedings if the Department believes "that the safety of the person or others requires that conditional release be revoked."  And third, the dismissal of the Department's untimely petition would have no effect on

the State's ability to pursue criminal charges or seek an involuntarily commitment under WIS. STAT. ch. 51.

¶24    The State fails to respond to this aspect of Olson's argument. We therefore deem the State to have conceded that these safeguards alleviate any concern that construing the seventy-two-hour time limit would undermine the statutory purpose to protect the public. *See* ***Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.***, 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979). Beyond any concession, we find Olson's arguments in this regard compelling.

¶25    For the stated reasons, we therefore conclude this factor weighs in favor of finding the time limit mandatory. We now turn to the second ***R.R.E.*** factor.

### 2. History of the statute

¶26    Olson argues that the legislative history of WIS. STAT. § 971.17(3)(e) buttresses his contention that the seventy-two-hour time limit is mandatory. He explains that, prior to 2007, the statute required the Department to submit a statement of probable cause and a petition to revoke a person's conditional release within "48 hours after the [person's] detention." *See* § 971.17(3)(e) (2005-06). Our legislature then adopted 2007 Wis. Act 20 (Act 20), which amended the relevant portion of the statute by enlarging the time limit to seventy-two hours and "excluding Saturdays, Sundays, and legal holidays" from the time calculation. *See* Act 20, § 3875. Olson reasons this amendment shows the legislature intended the seventy-two-hour time limit to be mandatory because there would be no need to enlarge the time limit if it was merely directory in the first place.

10

¶27    The State responds that Olson's argument ignores our statement in *Schertz* that although a provision is "directory rather than mandatory, [that] does not mean that it is merely discretionary or permissive." *See Schertz*, 258 Wis. 2d 351, ¶13.    In the State's view, this statement undermines Olson's argument because "whether the time limit is 48 or 72 hours, [the Department] still must take action and submit a statement and a revocation petition."

¶28    As with the first factor, we find Olson's argument more persuasive. The problem with the State's argument is that it fails to address the logical question raised by Olson's argument.    That is, if the legislature intended the forty-eight hour time limit to be directory only, then why would it need to make a mere twenty-four hour change in the time limit?    Of course, as the State acknowledges, the Department would still have to take action under either time limit, but if the time limit was intended to be directory, then the legislature could have simply left the forty-eight hour time limit in place and allowed the circuit court to decide if it would proceed on an untimely petition. We therefore conclude this factor weighs in favor of construing the time limit as mandatory.

*3. Penalty*

¶29    The parties agree that WIS. STAT. § 971.17(3)(e) does not set forth any penalty for the Department's failure to comply with the seventy-two-hour time limit.    Such an omission generally supports construing a statutory time limit as directory.    *See Koenig v. Pierce Cty. DHS*, 2016 WI App 23, ¶48, 367 Wis. 2d 633, 877 N.W.2d 632.    Still, an omission of a prohibition or a penalty is only one factor to be considered in the analysis of whether the legislature intended a provision to be mandatory or directory.    *Id.*    In *Karow*, for example, our supreme court concluded a statutory time limit was mandatory despite the statute's failure

11

to expressly provide a prohibition or penalty for noncompliance. *Karow*, 82 Wis. 2d at 572. We therefore determine that although this factor tends to weigh in favor of construing the time limit as directory, it does not tip the scales to any great extent.

### 4. Consequences

¶30 This factor requires us to examine the consequences of construing the seventy-two-hour time limit as either mandatory or directory. In particular, we are to consider whether the Department's failure to timely file its petition works an injury or wrong, as such a finding counsels in favor of—but does not necessarily require—our construing the time limit to be mandatory. *See R.R.E.*, 162 Wis. 2d at 711.

¶31 Olson argues that the consequences of construing the seventy-two-hour submission time limit as being directory would be "grave," in that we would effectively be sanctioning "indefinite detention without due process or access to counsel" while the Department decides when to submit its petition. The State responds that

> Olson's argument overstates the potential harm, and it ignores the alternate means by which a defendant can gain court review or challenge an illegal detention. [WISCONSIN STAT.] Chapter 51 provides mechanisms for gaining court review, *see* WIS. STAT. § 51.20(16)(i), and defendants can also use writs of mandamus or habeas corpus to compel review or challenge an illegal detention. So, even though a violation of the 72-hour requirement does not deprive the circuit court of competency to hear a revocation, defendants have alternate ways to challenge undue delay or unlawful detainment.

(Citations omitted.)

¶32 We are unpersuaded by the State's attempt to gainsay the concerns raised by Olson. Again, Olson's argument is that when the Department fails to comply with the seventy-two-hour time limit to file its submissions, the detained person is without access to counsel because the Department has failed to follow the statutory requirement to notify "the regional office of the state public defender" of his or her detention. *See* WIS. STAT. § 971.17(3)(e). It would be absurd to conclude that in order to remedy this wrong the detained person must seek, pro se, the "extraordinary writ of habeas corpus," which itself is "available to a petitioner only under limited circumstances." *See State ex rel. Haas v. McReynolds*, 2002 WI 43, ¶12, 252 Wis. 2d 133, 643 N.W.2d 771. Rather, we conclude that the injury occasioned by the Department's failure counsels strongly in favor of construing the time limit as mandatory.

¶33 The State raises an additional argument that any delay by the Department in submitting a petition is not a "potential bottleneck to a court reviewing" a revocation petition. The State explains that because WIS. STAT. § 971.17(3)(e), "by its plain language, [gives] the circuit court up to 30 days to hold a hearing," the thirty-day time limit is what "ultimately control[s]" when the revocation hearing is held. Not so. As we have already explained above—and as the State acknowledges elsewhere in its response brief—the thirty-day time deadline for a hearing does not begin to run until the petition is filed. As such, a delay in filing the petition can unquestionably delay the timely resolution of revocation proceedings.

## CONCLUSION

¶34 After considering all the foregoing factors, we conclude the seventy-two-hour time limit in WIS. STAT. § 971.17(3)(e) for the Department to

submit its statement of probable cause and petition to revoke conditional release is mandatory, not directory. In particular, the Department's unilateral decision to delay initiation of the revocation proceedings, combined with the grave injury sustained by the detained person as a consequence of the Department's failure to comply with the statute, convinces us that a mandatory construction is warranted. Consequently, the Department's failure to comply with the statute deprived the circuit court of competency to proceed. *See **Ryan E.M.**, 252 Wis. 2d 490, ¶5. We therefore reverse and remand with directions for the circuit court to dismiss the Department's petition.

*By the Court.*—Orders reversed and cause remanded with directions.