COURT OF APPEALS
DECISION
DATED AND FILED

April 7, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2521**

**STATE OF WISCONSIN**

Cir. Ct. No. **2019GN417**

**IN COURT OF APPEALS
DISTRICT I**

---

IN THE MATTER OF THE GUARDIANSHIP AND PROTECTIVE PLACEMENT OF B.C.:

MILWAUKEE COUNTY DHHS AGING AND DISABILITIES SERVICES,

      PETITIONER-RESPONDENT,

  V.

B.C.,

      RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: CYNTHIA M. DAVIS, Judge. *Affirmed.*

¶1 GEENEN, J.[1] Barb[2] appeals from the circuit court's order continuing her protective placement pursuant to WIS. STAT. § 55.18. Barb asserts

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

that the circuit court lacked competency to order the continuation of her protective placement because the Milwaukee County Department of Health and Human Services (the "County") failed to timely file the annual petition and report necessary to commence the annual review of her protective placement as required by § 55.18(1)(a) on multiple previous occasions.

¶2      We conclude that this court's recent opinion in ***Department on Aging v. J.J.***, 2026 WI App 13, __ Wis. 2d __, __ N.W.3d __, is dispositive of Barb's appeal.  In ***J.J.***, this court concluded that the language in WIS. STAT. § 55.18(1)(a) that requires the County to file the annual report by a certain date is directory.  ***J.J.***, 2026 WI App 13, ¶2.  Consistent with our holding in ***J.J.***, we conclude that even if any of the challenged annual reports were untimely filed, the circuit court did not lose the competency to rule upon those annual reports or to enter orders continuing Barb's protective placement based on those annual reports.

## BACKGROUND

¶3      Following a hearing on a petition for a protective placement, Barb was adjudicated incompetent, and the circuit court entered the original protective placement order in this case on November 22, 2019 after concluding that the evidence showed that Barb had a need and met the standards for a protective placement pursuant to WIS. STAT. ch. 55.[3]

---

[2] We refer to the appellant in this confidential matter using a pseudonym.  *See* WIS. STAT. RULE 809.19(1)(g).

[3] The circuit court also entered an order for guardianship, but Barb does not contest that order.

2

¶4    Eleven months after the original order, on October 21, 2020, the County filed its first report and annual review of Barb's protective placement. Barb did not object to continued placement and, following a summary hearing, the circuit court entered an order on December 11, 2020, finding that Barb continued to meet the standards for protective placement.

¶5    The County filed its next annual report on November 2, 2021. Again, Barb did not object to a continuation of the protective placement. Following a summary hearing, the circuit court entered an order on July 14, 2022, finding that Barb continued to meet the standards for protective placement.

¶6    No annual report was filed in 2022.

¶7    The County next filed an annual report in Barb's case on June 5, 2023. At that time, Barb objected to continuing the protective placement orders. Through court appointed counsel, Barb argued that the statutory timing language at WIS. STAT. § 55.18(1) is mandatory and that because the County did not timely file any of the annual reports, the circuit court lost competency over the entire case and moved to dismiss the protective placement. Although Barb did not object to the 2020 and 2021 reports, at the hearing on the 2023 report on November 13, 2023, she argued that none of the prior annual reports were timely filed and that the circuit court therefore lost competency over the case as of the first untimely filing in 2020.

¶8    During these proceedings, the County conceded that the first annual report was untimely, but argued that under its interpretation of the statute's annual filing requirement, subsequent annual reports were timely and that Barb forfeited the right to challenge competency by failing to timely raise the argument. The County also argued that even if the annual reports were not timely, the circuit

court did not lose competency because the statutory time limits were directory, not mandatory.

¶9      The circuit court found that the first annual report was filed late, but concluded that though WIS. STAT. § 55.18(1)(a) was ambiguous, its time limits were directory, not mandatory.  The circuit court denied the motion to dismiss and entered an order continuing the protective placement.

¶10     Barb appeals.[4]

## DISCUSSION

¶11     On appeal, Barb challenges the circuit court's competency over her WIS. STAT. ch. 55 case because the County failed to comply with a mandatory statutory deadline.[5]  Competency refers to a circuit court's ability to exercise its authority to decide the specific case before it.  *See* ***Village of Trempealeau v. Mikrut***, 2004 WI 79, ¶¶2, 9, 273 Wis. 2d 76, 681 N.W.2d 190.  When a court does not have competency over a case, the decisions it makes are erroneous or invalid.  *Id.*, ¶¶2, 14.  Whether a circuit court has lost competency is a question of law that we review independently.  *Id.*, ¶7.

---

[4] The County filed a subsequent annual report on November 11, 2024.  Barb did not object to continuation of her placement, and the circuit court entered an order after finding that Barb continued to meet the standards for protective placement.

[5] WISCONSIN STAT. ch. 55 "provides for long-term care for individuals with disabilities that are permanent or likely to be permanent" through protective services and protective placements.  ***Fond du Lac Cnty. v. Helen E.F.***, 2012 WI 50, ¶21, 340 Wis. 2d 500, 814 N.W.2d 179.  The purpose of ch. 55 is "to establish those protective services and protective placements, to assure their availability to all individuals when in need of them, and to place the least possible restriction on personal liberty and exercise of constitutional rights consistent with due process and protection from abuse, financial exploitation, neglect, and self-neglect."  Sec. 55.001.

¶12     The competency challenge arises under WIS. STAT. § 55.18(1)(a), which requires that "[n]ot later than the first day of the 11th month after the initial order is made for protective placement for an individual and … annually thereafter, the county department *shall* … [f]ile a report … [and] petition for annual review[.]" Sec. 55.18(1)(a)1.-3. (emphasis added).

¶13     Barb argues that the circuit court lost competency to conduct an annual review and any further proceedings in this case when the County filed its first annual report after the deadline specified in WIS. STAT. § 55.18(1)(a). She makes the same timeliness and lost competency argument with respect to the County's second and third annual reports. Specifically, she contends that the statute's use of the word "shall" is mandatory and, therefore, the County's failure to comply with the mandatory statutory time limit caused the circuit court to lose competency to conduct the initial and subsequent annual reviews. Therefore, the case should have been dismissed, and the circuit court was without authority to enter any subsequent orders continuing Barb's protective placement. The County replies with several arguments but, most relevant here, is its assertion that the statutory deadline is directory and not mandatory, and therefore the circuit court did not lose competency.[6] We agree with the County.

---

[6] The County argues that Barb's appeal is mooted by a subsequent order continuing her protective placement and that Barb forfeited her timeliness-based competency challenges to the 2020 and 2021 annual reports. The parties also contested how the filing deadline should be calculated after the first annual report. While we remind the parties that the purpose of the annual review is, in fact, to ensure that a review occurs annually, because our opinion in *Department on Aging v. J.J.*, 2026 WI App 13, __ Wis. 2d __, __ N.W.3d __, is dispositive on the merits, we decline to decide these other issues. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

¶14     This court recently issued a decision in *J.J.*, wherein we considered whether the word "shall" in WIS. STAT. § 55.18(1)(a) is mandatory or directory. *J.J.*, 2026 WI App 13, ¶¶1-2.   We began our review by acknowledging that § 55.18 was codified in response to our supreme court's holding in *State ex rel. Watts v. Combined Community Services Board of Milwaukee County*, 122 Wis. 2d 65, 83, 362 N.W.2d 104 (1985), that "protectively placed individuals are entitled to the right of periodic, automatic judicial review that all other civilly committed persons in Wisconsin have" because, among other reasons, protective placement orders infringe on a person's liberties and do not expire on their own terms.  *J.J.*, 2026 WI App 13, ¶¶16-17.  Although we noted that the word "shall" is generally presumed mandatory when it appears in a statute, based on this statute's history and purpose, among other reasons, we concluded that the language requiring the County to file the petition and report by a certain date is directory. *Id.*, ¶¶2, 13-14, 19-20.

¶15     Accordingly, consistent with *J.J.*, we conclude that the circuit court did not lose competency to continue Barb's WIS. STAT. ch. 55 protective placement.

## CONCLUSION

¶16    While we again reiterate the importance of timely filings to ensure that the rights of those subject to WIS. STAT. ch. 55 orders are protected,[7] consistent with our opinion in *J.J.*, we conclude that the circuit court did not lose competency over Barb's case even if any of the County's petitions were untimely filed.  Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[7] Although the time limit in WIS. STAT. § 55.18(1)(a) is directory, "directory should not be read to imply that the provision is merely discretionary or permissive" because "[t]he legislature intended that the time limit be strictly followed," even though it did not intend for the annual review court to be deprived of competency when a violation of the time limit occurs. *State v. R.R.E.*, 162 Wis. 2d 698, 715, 470 N.W.2d 283 (1991).  Timely annual review of protective placement orders remains—statutorily and constitutionally—required.  Sec. 55.18; *State ex rel. Watts v. Combined Cmty. Servs. Bd. of Milwaukee Cnty.*, 122 Wis. 2d 65, 83-85, 362 N.W.2d 104 (1985).